Matter 171257, Paul D. Jonson et al. v. Federal Deposit Insurance Corporation May it please the Court, my name is Elizabeth Dillon and together with my colleague, Brian Fishman, we represent the appellant, Paul Jonson, in this matter. Your Honors, I would like to respectfully reserve two minutes for rebuttal. Sure. Thank you, Your Honor. Your Honors, this case was not decided on the merits by the District Court. Rather, it was decided based on a procedural defect. Namely, the District Court found that my client, Paul Jonson, had waived his associational disability discrimination claims during the underlying proceedings in the Merit Systems Protection Board, or the MSPB. Your Honors, respectfully, I would argue that Mr. Jonson did not, in fact, waive those claims before the MSPB. But even if he had waived them, the District Court could have, and this Court may, in its de novo standard of review, consider those claims anyway, because compelling reason exists to do so. The decision to withdraw those claims was made after a telephone call between the FDIC's attorney, Mr. Jonson's former attorney, not myself, and the Administrative Law Judge, after Mr. Jonson was awarded interim relief, namely the reinstatement of his job, from which he had been terminated after 27 years. If I understand it correctly, in order to get reinstated, he had to drop that other claim, because you couldn't have an outstanding claim and get reinstated. Correct. So at that point he drops the claim. When the initial action is reversed, after the agency appealed, he was told he could reinstate the claim, but he did not. Correct, Your Honor, he didn't take no formal action to reinstate his claim. He didn't take any action, as far as I can tell. Right, he did not take any action at that time when he was represented by his former attorney. When I came to represent him after that former attorney was terminated, we did re-raise these issues in a motion for reconsideration before the MSPB, and regrettably, I wish I had represented him at that time. His attorney, incidentally, has since been suspended from the practice of law. I guess it's neither here nor there. But if I had represented him at the time, certainly things might have been different. He did withdraw those claims in reliance on that decision, however, as Your Honors noted. And Mr. Johnson should not really be penalized for that, because he would have upheld his end of the bargain, namely dropping his claims, to the extent that he got relief. And he didn't get the relief, so he shouldn't be held. Just so I understand, for purposes of not the transfer issue, but just the jurisdictional question, you agree that if he didn't reinstate the claim, then there's no jurisdiction? By the District Court. But the Federal Circuit would have had jurisdiction, Your Honor. The District Court would not. Correct. Your only argument that the District Court had jurisdiction depends on us finding something in the record that shows that he did reinstate the claim. Either that he didn't waive it, or the District Court could have considered it, even to the extent it were waived, if compelling reason existed to do so, under the Nordell case in the District of Columbia District Court, Your Honors. But that's a quintessentially discretionary decision on the District Court's part, whether to resurrect and consider a waived claim, isn't it? Yes, it is discretionary. There is no case law that I've been able to find that a District Court, under any circumstances, is compelled to do that. In extraordinary circumstances, a District Court may do it, in the exercise of discretion. Right, and I would say that in short... You're asking us to compel the District Court to do it. Right. It's a de novo standard of review for Your Honors, and so normally I would say, yes, you should look... De novo as to waiver, or de novo as to whether to resurrect the claim? I believe as to waiver, Your Honor. Yeah, but not as to resurrecting the claim. That's got to be a piece of discretion, I would think. I'm not aware of that, Your Honor. I think it's de novo as to waiver, though. I know that that's short. So on the waiver point, what would we look to in the record that would show the claim to be reinstated? The motion to reconsider? Yes, it would be the motion to reconsider, and then also I would say, Your Honors, that because... If I may briefly finish, Your Honor. Because we brought this action, or the former attorney brought this action, which was ultimately in the District Court, at the same time it was being litigated both before the MSPB and in the District Court, and those issues were raised in the District Court as well. And so the entire point of the exhaustion requirement in the Administrative Agency is that the Administrative Agency is able to determine it on the merits. And it was, in this case, it was determined on the merits, and they had a chance to litigate it both before the MSPB and the District Court. Can you just tell me what follows if we agree with you about the motion to reconsider constituting a reinstatement such that there then would have been jurisdiction? What then should have happened? To the extent that the District Court found that it had jurisdiction, or you find that the District Court had jurisdiction, I would ask that you would remand it back down to the District Court for further adjudication under either Section 7702 of the Civil Service Reform Act under which you brought it, or Section 7703 of the Civil Service Reform Act for judicial review of the MSPB's final order. And you would want us to remand either or with what the District Court then free to figure out, or is it both? That's what I'm trying to figure out. Right, and the District Court addressed that question as well during the motion in the Senate hearing, and it was confusing. And we had asked the Court, we had said, there's really no difference here because the standard of review is the same and the relief available to Mr. Johnson was the same under either statute. I'm just asking you today, when we remand, what does the remand say if we conclude that there was jurisdiction? Right, so to the extent that you do remand it, I would say that the District Court could proceed under 7702, without waiving my right to have it be transferred, which Mr. Fishman will address. But to the extent that you wish to remand it back down to the District Court, I would say that it should proceed under 7702 because that's how it's been proceeding for several years. And so in the interest of judicial economy, I believe it would be appropriate, although, again, the standard of review would be the same and the relief available would be the same under either section of the Civil Service Reform Act. Okay, thank you. Thank you, Your Honor. Good morning, Your Honors. May it please the Court, my name is Brian Fishman, and as my colleague, Attorney Dillon, mentioned, I also represent the Johnsons in this matter. I was, in particular, wanted to address the issue of transfer before this Court under 1631, which is very aptly titled, Transfer to Cure Wanted Jurisdiction. As we've been discussing, under the Civil Service Reform Act, there were two courts that were at least potentially viable in this action. Yeah, I've got a threshold problem with this argument. As you know, we normally will not consider matters that were not raised in the District Court. And while it's true that on the motion for reconsideration, the District Court was asked to consider transfer, it was asked to consider transfer only under 28 U.S.C. 1404. That's not the statute that you're now invoking. Correct, Your Honor. I question whether we should, for the first time, consider a request to transfer based on a statute that you never cited to the District Court and never asked the District Court to act on. Certainly, Your Honor. And I will acknowledge that the incorrect statute was cited in the motion for reconsideration. However, I would make two points in response to that. Firstly, I believe based on the arguments that were being asserted, it was clear what our intention was, although we did cite to the wrong statute section. But furthermore, courts are empowered to order these transfers sua sponte. There's no requirement, in fact, that... I understand that, but the basic way in which we operate is we review decisions of District Courts. And you're asking us now to consider virtually sua sponte, to act on a request that the District Court never even had a chance to consider. For all we know, the District Judge had no knowledge that 1631 was even potentially applicable. Well, Your Honor, I would disagree that the District Court would not have been aware it was applicable. Firstly, as I said, although we did cite the incorrect statute, they were empowered to do it on their own. And both parties had repeatedly discussed in their briefings, and in particular the FDIC had stated, that the Federal Circuit was the appropriate forum for this as part of their basis for stating that the Massachusetts District Court was the incorrect forum. So I believe there was sufficient notice to the lower court... Did the FDIC cite 1631? I don't believe they did, Your Honor, but they did state repeatedly that they felt this matter was improper where it was, because the Federal Circuit was the only viable forum, based on their suggestion that the associational disability discrimination claim had been waived. But they weren't suggesting you could transfer it to the Federal Circuit. No, but 1631 is what you need to get to the transfer. There's no dispute, maybe, that the Federal Circuit is the place for it. The question is, how does it get there? And the other question is, can you get there through a transfer? And 1631 would be the route for getting there, and no one would have phoned the District Court about it. That's fair, Your Honor. However, again, I would suggest that the court would have been empowered to make that decision on their own without prompting. And, again, although I acknowledge the incorrect statute... Are you, as an abuser, not to do it sui sponte? I believe it is, Your Honor. Based on 1631, which states that transfer shall be done unless it is not in the interest of justice to do so, I would suggest that unless there was some finding by the lower court that it was not in the interest, once it was clear by, according to the FDIC, that that was the correct form, and once we had at least raised it as an issue, again, admittedly on the incorrect statute, that some finding would have been appropriate that it was not in the interest of justice, and that there was a strong presumption in favor of such a transfer. And part of the reason for that is, especially in cases like this, where our alternative would have been to prophylactically file, in fact, three separate actions to ensure that we were in the correct court. We could have filed one, as we did, following the languishing provision under the Civil Service Reform Act, another based on seeking judicial review from the MSPB's decision, if I may briefly finish, Your Honor, a third in the district court if we assumed that the waiver would still stand. So, Your Honors, I would suggest that, in this case, there is very little prejudice that will be done to the FDIC, and I believe that justice demands that this be, if the waiver issue is not found in the way that my colleague suggested, that this case be transferred. Thank you. Thank you. Good morning, and may it please the Court. My name is John Beresko. I represent the FDIC. I want to talk about two points this morning. The first point is that the district court correctly found that it lacked jurisdiction over Mr. Johnson's lawsuit against the FDIC. And second is that the district court correctly denied Mr. Johnson's Rule 59e motion, in which he asked for the first time that this lawsuit be transferred to the Federal Circuit. First of all, with respect to jurisdiction, again, as the Court knows under the Civil Service Reform Act, judicial review of decisions of the MSPB depends on whether those decisions are in a mixed case or not in a mixed case. So this began as a mixed case? Yes, Your Honor. And when it became a non-mixed case, and the district court didn't have jurisdiction, the FDIC was aware of the fact that it should have gone to the Federal Circuit. Yes, Your Honor. And so given that awareness, aren't we looking at a case of perhaps fundamental fairness? Mann had a good claim. In not the clearest kind of statute, it's a little fairly technical. People can make mistakes very easily in this area. Why isn't transfer now to the Federal Circuit, where this appeal could be heard, why isn't that appropriate? First of all, Your Honor, with regard to the knowledge of the FDIC, what occurred here was that the case became a non-mixed case, I'll call it, in June of 2014 when Mr. Johnson withdrew his affirmative defenses before the MSPB. He filed his lawsuit in the bankruptcy court not until December of 2015. The FDIC moved to dismiss the case in February of 2016, and then its motion dismissed that the first time it was available raised the issue that there was no jurisdiction in the bankruptcy court at that time, and later the district court, because of the fact that it was not a mixed case. And therefore, this 120-day provision under 7702E1B, which only applies in mixed cases, could not apply. So the FDIC raised that at the first opportunity. So, Your Honor, talking about fundamental fairness, this court in the Bertell case construed 1631 and talked about what are the factors that a district court should look at in determining whether a transfer is in the interest of justice. Now, again, this is all assuming, one, that the district court had been asked to apply 1631. We submit that it cannot be an abuse of discretion for a judge to not apply a statute that she was not asked to apply. But assuming that 1631 had been raised by Mr. Johnson before the district court, what the Bertell case says is that you need to look at many factors to determine whether a transfer is in the interest of justice. But before you get there, there has to be a court to which you could transfer the case in which it could have been brought in the first instance. Here, what we have, what is on review before this court, is the district court's dismissal of an adversary proceeding, a lawsuit that was originally filed in the bankruptcy court. An adversary proceeding cannot be heard by the federal circuit, just as it couldn't be heard by this court. This court is an appellate court. The federal circuit is an appellate court. What later happened, of course, is that after the MSPB proceedings concluded, Mr. Johnson purported to seek judicial review of that order by filing a document called Notice of Appeal, not in a separate lawsuit, not before the federal circuit, but as a pleading in his already existing adversary proceeding. Can you explain two things, backing up a step. Why does the motion to reconsider not suffice to transform it back into a mixed case? Certainly, Judge Barron, a couple of points on that. First is, we believe that under 7702, there can only be a mixed case if the employee alleges that there is a discrimination statute that was violated. That allegation was made here in February of 2013 when Mr. Johnson filed his MSPB appeal. He expressly withdrew that in June of 2014, and prior to the time that he went off to bankruptcy court and filed his adversary proceeding, he never made any effort to suggest that he wished to reinstate that affirmative defense. Did I miss something? I thought their contention was that the motion to reconsider prior to the filing of the bankruptcy or not? The adversary proceeding was filed on December 4th of 2015. I see. I believe that the sanctions order from the MSPB was not entered until December 7th. So the motion to reconsider that sanctions order was not filed until, I believe, December 22 of 2015. So that was after this case had already been filed in bankruptcy court. But when was the motion to withdraw the reference filed? The motion to withdraw the reference, that was filed in February of 2016. Is that after the motion to reconsider was filed? Yes. So why couldn't we think of it that at the time the motion to reconsider is filed, that is effectively him saying I'm now bringing the discrimination claim again because I now understand what's happened. At that moment, when there's a motion to withdraw the reference, what's then in district court? Is it the pre-motion to reconsider action? Is that all that can be in district court at that point? You see what I'm saying? Yes, Judge Barron. And just to lay out the chronology, another issue is there are a couple of different motions to reconsider here. But what happened was this lawsuit was filed on December 4th of 2015. Concurrently, the MSPB is dealing with this objection. When you say this lawsuit, tell me where it's being filed because that will help me. Certainly, Your Honor. This lawsuit was originally filed in the bankruptcy court in December of 2015. So now we're in the bankruptcy court. Right. And in February of 2016, the FDIC moved to withdraw the reference. That was granted in May of 2016. But going back chronologically to when this lawsuit first was filed in December of 2015, the MSPB proceeding is going out at the same time, and this is in the midst of Mr. Johnson's failure to respond to discovery. Three days after the adversary proceeding is filed in the bankruptcy court is when the MSPB issues its sanctions order. Then subsequently, approximately two weeks later, Mr. Johnson moves to reconsider that sanctions order. That's what he claims is reinstatement. In other words, something happening after he had already gone off to bankruptcy court. The sanctions order is filed before the MSPB or in the bankruptcy court. Before the MSPB. Okay. Yes. So what is the significance of the motion to withdraw the reference? What does that do? That takes the bankruptcy case and moves it into district court? Or does it just start a new? I just don't understand exactly what. And it might matter to me because if it takes only the bankruptcy case and moves it to district court, it's harder to see how the motion to reconsider before the MSPB that occurs after the bankruptcy case is filed has much to do with reinstating the case. Let me suggest that it's the latter because the bankruptcy court functions not as an Article III court, functions under the aegis of the bankruptcy court. So the motion to withdraw the reference really says to the bankruptcy judge, in effect, instead of litigating this bankruptcy proceeding in front of your subsidiary body, we ask that you take it into district court proper. And Judge Zobel granted that motion. But all she can take up by doing that is whatever is contained within the four corners of the adversary proceeding. That's correct, Judge Selya. The withdrawal of the reference occurred with respect to the adversary proceeding, which as the court knows is a separate lawsuit within the larger bankruptcy case. So what she should have done on your view, what Johnson should have done on your view, if they wanted to get this going in federal district court would have been to file a new federal district court action at the same time that Judge Zobel was taking up the bankruptcy case after the motion to withdraw the reference? Judge Barron, if Mr. Johnson wanted to get judicial review of the MSPB final order, which was entered in September of 2016, under 7703 of the Civil Service Reform Act, he was required either to petition for review in the federal circuit or to file a civil action in the district court. If I may continue. So you're saying he just can't treat the action that's before Judge Zobel as if it's anything other than the adversary proceeding? That's correct, Your Honor. That would be seeking judicial review through a case filed in December of 2015 of an MSPB order entered in September of 2016. If your logic is right, then that can't be transferred either. Because that thing just never can get into either a civil action that's a mixed claim or review of the MSPB because it's just always an adversary proceeding. Judge Barron, we believe that the pleading title notice of appeal cannot be transferred to the federal circuit under 1631 and that it would not be in the interest of justice to do so because, as discussed in our brief, when Mr. Johnson was given a choice between proceeding with the adversary proceeding and appealing from the MSPB's final order, he chose the former. And an adversary proceeding cannot be transferred to the federal circuit or any other appellate court. If the court has no other questions, we'd ask that the district court's judgment be affirmed. Can you make sure to address this fundamental point that he just made about this all having started as a bankruptcy action and you can't get into anything else? How do you transfer an adversary proceeding, even though it's pending in the district court, to the federal circuit? Right. So it is true that the case was filed initially as an adversary proceeding in a bankruptcy court. Again, I'm not the one that did that and I might not have made that decision. But in any event, the FDIC pointed out in its motion to dismiss and motion to withdraw the reference that the bankruptcy court did not have jurisdiction over the adversary proceeding, claiming that it was not a core action, it was not a part of the bankruptcy. Notwithstanding the fact that there was an argument about the bankruptcy code and the anti-discrimination provisions, they argued that the bankruptcy court did not have jurisdiction over this action. We did not disagree with the motion to withdraw the reference. The reasons that they stated I didn't agree with, but we agreed that they may withdraw the reference and the district court did. And so I think it's disingenuous for the FDIC to argue that on the one hand, the bankruptcy court didn't have jurisdiction, the district court doesn't have jurisdiction, this court can't hear it, the federal circuit can't hear jurisdiction. Mr. Johnson's case is fundamentally colorably meritorious. He was discriminated against because he filed for bankruptcy. There's no question about that. The bankruptcy code's anti-discrimination provision... I understand, but I don't want to get into the merits. Just to answer this point, how do we make the action before Judge Zobel, other than what it appears to have been, which was an adversary proceeding, that's the only way it's there. He didn't file a new civil action. Correct, and I would argue that he isn't required to do that. In any argument, what's the authority for... What could I rely on to suggest that when somebody files a bankruptcy proceeding and there's a motion to withdraw the reference on the fact this shouldn't be filed in bankruptcy, that that somehow then can also be treated now as a separate civil action raising new claims? Your Honor, respectfully, it didn't raise any new claims. They're the exact same claims that went before the bankruptcy court and the adversary proceeding. They were all brought before the motion to reconsider that you say reinstated the rehabilitation claim was made. Correct. But that means then there's no jurisdiction. It's not a mixed claim. I wouldn't agree with that, Your Honor, but I would say that Mr. Johnson may have brought his case initially in the bankruptcy court, and that court may or may not have had jurisdiction. I really don't know. But he did raise the exact same issues that he's currently litigating now. He didn't try to bring any new issues before the bankruptcy court that weren't proceeding in the MSPB or any new issues in the district court that weren't before the bankruptcy court. And so to the extent that the bankruptcy court did not actually have jurisdiction, the proper thing for the district court to do, and what it did do, is withdraw the reference and then hear the case based on what was argued within the four corners of his complaint. What you're saying to us is the issue is the same either way. The appeal raises exactly the same questions. Is that your right? Yes, correct. Okay, thank you. Thank you, Your Honor.